UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LAVESHA COUTO,<br><br>        Plaintiff,<br><br>v.<br><br>CAREER EDUCATION CORPORATION, AMERICAN INTERCONTINENTAL UNIVERSITY, INC., COLORADO TECHNICAL UNIVERSITY, INC., and AIU ONLINE, LLC a/k/a AIU ONLINE a/k/a AIU,<br><br>        Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 3:18-cv-00011<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES the Plaintiff, LAVESHA COUTO ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, CAREER EDUCATION CORPORATION ("CEC"), AMERICAN INTERCONTINENTAL UNIVERSITY, INC. ("AIU"), COLORADO TECHNICAL UNIVERSITY, INC. ("CTU") and AIU ONLINE, LLC a/k/a AIU ONLINE a/k/a AIU ("AIU Online") (collectively "defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendants' unlawful practices.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person residing in Evansville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. CEC operates as the parent company of multiple higher education programs including, but not limited to, AIU and CTU. CEC is incorporated in the State of Delaware and its principal place of business is located at 231 North Martingale Road, Schaumburg, Illinois 60173. CEC's registered agent is Illinois Corporation Service Corp. located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. CEC regularly conducts business with consumers located in Indiana.

7. CEC is a "person" as defined by 47 U.S.C. §153(39).

8. CEC acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. AIU is a higher education program operated by CEC. AIU is incorporated in the State of Georgia and its principal place of business is located at 231 North Martingale Road, Schaumburg,

Illinois 60173. AIU's registered agent is Illinois Corporation Service Corp. located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. AIU regularly conducts business with consumers located in Indiana.

10. AIU is a "person" as defined by 47 U.S.C. §153(39).

11. AIU acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

12. CTU is a higher education program operated by CEC. CTU is incorporated in the State of Colorado and its principal place of business is located at 231 North Martingale Road, Schaumburg, Illinois 60173. CTU's registered agent is Corporation Service Company located at 1900 Littleton Boulevard, Littleton, Colorado 80120 Adlai Stevenson Drive, Springfield, Illinois 62703. AIU regularly conducts business with consumers located in Indiana.

13. CTU is a "person" as defined by 47 U.S.C. §153(39).

14. CTU acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

15. AIU Online is a higher education program operated by CEC. AIU Online is incorporated in the State of Delaware and its principal place of business is located at 231 North Martingale Road, Schaumburg, Illinois 60173. AIU Online's registered agent is Illinois Corporation Service Corp. located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. AIU Online regularly conducts business with consumers located in Indiana.

16. AIU Online is a "person" as defined by 47 U.S.C. §153(39).

17. AIU Online acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

18. In 2016, Plaintiff enrolled in classes at AIU and incurred debt ("subject debt") as a result.

19. After her grandmother became ill, Plaintiff had to forego her studies to care for her grandmother.

20. In or around October 2016, Plaintiff began receiving calls to her cellular phone, (812) XXX-7986 from Defendants.

21. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 7986. Plaintiff is and has always been financially responsible for the cellular phone and its services.

22. AIU and AIU Online, at the direction of CEC, have called Plaintiff's cellular phone mainly using the phone numbers (812) 286-0254 and (812) 286-0648, but upon belief, they have used other numbers to place calls to Plaintiff's cellular phone.

23. CTU, at the direction of CEC, has called Plaintiff's cellular phone mainly using the phone numbers (812) 286-0576 and (812) 286-0648, but upon belief, it has used other numbers to place calls to Plaintiff's cellular phone.

24. Defendants' calls to Plaintiff's cellular form were both for collection and solicitation purposes.

25. Upon information and belief, the aforementioned numbers are regularly utilized by Defendants to collect debts and to solicit business.

26. When answering calls from Defendant, Plaintiff experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

27. Upon answering a call from Defendants in October 2016, Plaintiff informed Defendants that she was unemployed and was unable to make a payment towards the subject debt. Plaintiff further demanded that Defendants cease placing calls to her cellular phone.

28. Despite Plaintiff's demand, Defendants continued to regularly call her cellular phone.

29. Defendants have called Plaintiff's cellular phone multiple times during the same day, even after being told that she does not wish to be contacted.

30. Plaintiff has received no less than 47 calls from Defendant since asking it to stop calling.

31. Concerned with Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

32. Plaintiff has been unfairly harassed and mislead by Defendants' conduct.

33. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36. Defendants used an ATDS in connection with its communications directed towards Plaintiff. The three to five second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendants' is indicative that an ATDS was being used. Similarly, the frequency and nature of Defendants' contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

37. Defendants violated the TCPA by placing at least 47 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff revoked consent to receive calls from Defendants through means of an ATDS.

38. The calls placed by Defendants to Plaintiff's cellular phone were regarding business solicitation and debt collection, not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Plaintiff for at least $500.00 per call.  Moreover, Defendants' willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAVESHA COUTO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendants to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

40. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

41. Defendants violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

42. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

43. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

44. CEC is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

45. AIU is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. CTU is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. AIU Online is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

48. Defendants' calls to Plaintiff's cellular phone were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

49. Defendants engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendants have used an ATDS to relentlessly contact Plaintiff. Defendants were specifically notified by Plaintiff to cease calling her cellular phone. However, Defendants purposefully ignored Plaintiff's prompts in an abusive attempt to solicit business from her and to collect the subject debt.

50. Through their conduct, Defendants falsely represented that they had the lawful ability to contact Plaintiff through means of an ATDS. Upon information and belief, Defendants engage in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

51. Defendants also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendants intended to harass Plaintiff into submission by causing her cellular phone to ring repeatedly.

52. In violating the TCPA, Defendants engaged in illegal behavior during their solicitation and debt collection efforts towards Plaintiff. Defendants intended that Plaintiff rely on their illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

53. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful

> deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

54. Defendants' conduct is part of an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendants' incurable deceptive acts by demanding that they cease contacting her. The fact that Defendants were provided with notice that Plaintiff no longer wished to receive their calls, and the fact that Defendants refused to abide by those notices, evidenced by calling Plaintiff's phone at least 47 times after she demanded that they stop, further highlights that their behavior is incurable.

55. Defendants' conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendants conduct the same type of behavior on a wide and frequent basis, which goes against the State's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

56. In addition to inhibiting Plaintiff's time and energy, Plaintiff has suffered numerous damages as a result of Defendants' unlawful practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LAVESHA COUTO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendants to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 15, 2018                                Respectfully submitted,

s/ Marwan R. Daher                                     s/Omar T. Sulaiman
Marwan R. Daher, Esq.                                  Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                  Counsel for Plaintiff
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                  2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                            (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                 osulaiman@sulaimanlaw.com